UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES – GENERAL

| | | | |
|---|---|---|---|
| Case No. | 2:25-cv-05265-AH-(RAOx) | Date | July 31, 2025 |
| Title | Sandra Martinez v. Dollar Tree Stores, Inc. et al. | | |

Present: The Honorable Anne Hwang, United States District Judge

| Yolanda Skipper | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:** (IN CHAMBERS) ORDER DENYING PLAINTIFF'S MOTION TO REMAND (DKT. NO. 7)

Plaintiff Sandra Martinez ("Plaintiff") moves to remand this case to the Los Angeles County Superior Court. Mot. to Remand, Dkt. No. 7. Defendant Dollar Tree Stores, Inc. ("Defendant") opposes the Motion. Opp'n, Dkt. No. 10. The Court deems the Motion appropriate for decision without oral argument. Fed. R. Civ. P. 78(b); L.R. 7-15. For the reasons set forth below, Plaintiff's Motion to Remand is DENIED.

I.  BACKGROUND

This case arises out of a trip and fall incident that took place at Defendant's location in Bellflower, California. Compl. at 5, Dkt. No. 1-1. Plaintiff filed this suit in the Los Angeles County Superior Court on January 17, 2025, alleging negligence and premises liability. *See generally id.* On June 10, 2025, Defendant removed this case to this Court on the basis of diversity jurisdiction. Notice of Removal, Dkt. No. 1.

## II.    LEGAL STANDARD

"Federal courts are courts of limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). A defendant may remove a civil action in state court to federal court if the federal court has original jurisdiction. 28 U.S.C. § 1441(a). Federal courts have original jurisdiction where an action arises under federal law or where each plaintiff's citizenship is diverse from each defendant's citizenship and the amount in controversy exceeds $75,000, excluding interest and costs. *Id.* §§ 1331, 1332(a). "Where…it is unclear or ambiguous from the face of a state-court complaint whether the requisite amount in controversy is pled, the removing defendant bears the burden of establishing, by a preponderance of the evidence, that the amount in controversy exceeds the jurisdictional threshold." *Fritsch v. Swift Transp. Co. of Ariz., LLC*, 899 F.3d 785, 793 (9th Cir. 2018) (internal quotation marks and citation omitted). "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (citation omitted).

The time for removal to federal court is set by 28 U.S.C. § 1446(b). *See* 28 U.S.C. § 1446(b). There are two separate thirty-day provisions that govern timeliness under § 1446(b). First, a notice of removal must be filed within thirty days of the defendant receiving "a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based[.]" *Id.* § 1446(b)(1). If the initial pleading does not indicate the case is removable, a defendant may remove within thirty days of receiving "a copy of an amended pleading, motion, order or *other paper* from which it may first be ascertained that the case is one which is or has become removable." *Id.* § 1446(b)(3) (emphasis added).

## III.    DISCUSSION

The Parties are in dispute as to whether Defendant timely removed this matter to this Court. The Court analyzes whether Defendant timely removed this case under § 1446(b).

### A. The Initial Complaint Does Not Contain an Amount of Damages

The removal statute generally requires a party to remove a case within thirty days of receiving the initial pleading. 28 U.S.C. § 1446(b)(1). However, "the thirty day time period for removal starts to run from defendant's receipt of the initial pleading only when that pleading affirmatively reveals on its face the facts necessary for federal court jurisdiction." *Rea v. Michaels Stores Inc.*, 742 F.3d 1234, 1237–38 (9th Cir. 2014) (cleaned up). "[T]he first thirty-day removal period comes into play only if removability is ascertainable from 'examination of the four corners of the applicable pleadings, not through subjective knowledge or a duty to make further inquiry.'" *Carvalho v. Equifax Info. Servs., LLC*, 629 F.3d 876, 886 (9th Cir. 2010) (quoting *Harris v. Bankers Life & Cas. Co.*, 425 F.3d 689, 694 (9th Cir. 2005)).

Here, the four corners of the Complaint do not indicate an amount of damages sought; it only indicates that the action is an unlimited civil case exceeding $35,000. *See generally* Compl. And Plaintiff does not dispute this. Instead, Plaintiff argues that "[g]iven the nature of the alleged injuries and the unlimited designation, Defendant was clearly on notice of the potential amount in controversy." Mot. to Remand at 5. However, the Ninth Circuit has clearly held that the first thirty-day removal period comes into play only through examination of the four corners of the Complaint, not through the defendant's subjective knowledge or duty to make further inquiry. *See Carvalho*, 629 F.3d at 886. Defendant was not on notice that the amount in controversy exceeded $75,000 simply because of the designation that this matter was an unlimited civil case.

Thus, the Court concludes that the Complaint itself did not give notice of removability.

### B. Plaintiff's Pre-Suit Letter Did Not Trigger the Second Thirty-Day Window to Remove

Plaintiff also argues that on January 9, 2025, before the Complaint was filed, Plaintiff submitted a detailed settlement demand in the amount of $1,090,000 to Defendant's insurance administrator, Sedgwick Claims Management ("Sedgwick"). Mot. to Remand at 3–4. Plaintiff argues that this "put Defendant on actual notice of the amount in controversy." *Id.* at 4.

The Ninth Circuit has held that "document[s] received prior to receipt of the initial pleading cannot trigger the second thirty-day removal period" and rejected

the idea that "a pre-complaint document containing a jurisdictional clue can operate in tandem with an indeterminate initial pleading to trigger some kind of hybrid of the first and second removal periods." *Carvalho*, 629 F.3d at 886. "[T]he second paragraph [of § 1446] lists 'an amended pleading, motion, order'—all documents which logically cannot predate the initial pleading—before 'or other paper' leads us to conclude that 'other paper' does not include any document received prior to receipt of the initial pleading." *Id.* at 885–86.

Here, Plaintiff's argument is that Defendant has been on notice since January 9, 2025. Mot. to Remand at 7. Plaintiff relies on *Kuxhausen* to support her position. *Kuxhausen v. BMW Fin. Servs. NA LLC*, 707 F.3d 1136 (9th Cir. 2013). However, *Kuxhausen* clearly holds that "other paper does not embrace any document received prior to receipt of the initial pleading. Because [the plaintiff's] demand letter was provided to [the defendant] before she initiated her suit, it cannot trigger this thirty-day period." *Id.* at 1142 (cleaned up). Therefore, the pre-suit letter combined with the indeterminate Complaint here does not trigger the second thirty-day time to remove.

Defendant argues, based on a declaration submitted under penalty of perjury, that it first received the demand letter on May 13, 2025. Opp'n at 9. Plaintiff's argument is that "[n]o demand letter was sent on May 13, 2025[.]" Mot. to Remand at 6. However, Plaintiff does not challenge Defendant's assertion that it received the January 9 letter on May 13, 2025. And after Defendant received that letter, it timely moved to remove the case to this Court on June 10, 2025. Notice of Removal. The fact that the letter was initially sent on January 9 to Sedgwick failed to trigger the thirty-day clock because it was a pre-suit demand letter.

Thus, Defendant timely removed this case to this Court.

Finally, the Court notes that in the Motion, Plaintiff cites to a case purported to be *Lilly v. CVS Pharmacy, Inc.* Mot. to Remand at 7. The Court was unable to find this case. To the extent that Plaintiff has relied on artificial intelligence, Plaintiff has not complied with this Court's Standing Order, which requires a party who uses artificial intelligence to generate any portion of a brief to attach a separate declaration disclosing the use of artificial intelligence and certifying that the filer has reviewed the source material and verified the content is accurate and complies with the filer's Rule 11 obligations. *See* Standing Order at 7, Dkt. No. 8. Plaintiff is admonished that any future citations to authority that do not appear to

exist will result in the Court setting an order to show cause re why sanctions should not be imposed.

## IV.   CONCLUSION

For the foregoing reasons, Plaintiff's Motion to Remand is DENIED.[1]

**IT IS SO ORDERED.**

---

[1] Given the ruling herein, the Court denies Plaintiff's request for attorney's fees.